ILLINOIS CENTRAL RAILROAD COMPANY *v.* C. W. & W. T.
CLOGSTON.

[54 South. 75.]

RAILROADS. *Track fenced. Killing animals. Negligence.*

> A railroad being under no duty to fence its track, if it does so, and
> fails to keep it in repair, resulting in injury to stock straying
> upon its right of way, there is no liability for such failure alone,
> in the absence of negligence on the part of its employes in charge
> of the train.

APPEAL from the circuit court of Tallahatchie county.
HON. SAM C. COOK, Judge.

Suit by C. W. and W. T. Clogston against the Illinois
Centrail Railroad Company; judgment for plaintiff and
defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Longstreet,* for appellant.

The court was in error in refusing to give the peremp-
tory instruction for defendant below. The cases of *R. R.
Co.* v. *Walker,* 63 Miss. 13, and *Beasley* v. *R. R. Co.,* 91
Miss. 268, are determinative upon this point as the prin-
ciples involved in the present case are there conclusively
established.

In the Walker case, the right of way was fenced in by
the railroad company and a gate was cut in the fence
through which an employe of the road hauled cross ties
for the road and delivered them within the enclosure
and the animals strayed within the enclosure from which
there was no means of egress within at least nine hun-
dred yards of the point at which the killing was done.

In other words they were just as much entrapped as
in the present case. Practically the only difference was

that in the Walker case the cattle were struck by the engine.

In the Walker case the court held that the following instruction given for the plaintiff was erroneous, and should have been refused:

Instruction No. 2. ''The court instructs the jury that if they believe from the evidence that the gap in the fence was left open with the knowledge of defendant or its employes so that stock could stray into it and have no way of egress, these are matters of evidence that may be considered in determining whether defendant was guilty of carelessness or negligence, and they may so consider them even if they may believe from the evidence that when defendant killed plaintiff's mules every care and caution on their part was used to prevent such killing.''

This court also held that the following instructions which were refused to the defendant, should have been given:

Instruction No. 4. ''If the evidence in this case proves to you that at the time the stock was killed that the railroad was running and managing their train with ordinary care and reasonable prudence, but that the stock came upon the right of way of the railroad through a gate or gateway negligently left open by the railroad, or by any one else, and that they suddenly came upon the track off of the right of way in the nighttime so near the engine that it could not be stopped before striking the stock, they will find for the defendant.''

Instruction No. 7. ''The court instructs the jury that railroads are not required in this state to fence their tracks and having fenced them they are not required to keep them up, and if they believe that the train which killed plaintiff's stock was run and managed with reasonable care and ordinary prudence, then they will find for defendant.''

In the Beasley case, the court says:

"On this record nothing can be predicated of the insecure wire fence of the railroad company on the right of way, through which fence the cattle got that were killed, because no law requires such fence."

This case holds, as did the Walker case, that the law not requiring a railroad company to fence its right of way or track, a recovery of damages for live stock killed by the company cannot be predicated alone on the fact that the defendant's fence was insecure, and that if the train were running at a lawful rate of speed and the stock was killed by the railroad company, the company is not liable therefor in the absence of negligence of its employes in charge of the train.

*May & Saunders,* for appellee.

We respectfully submit that neither the Walker case nor the Beasley case are authority for the contention of appellant, and are easily distinguishable both on the facts and law from the instant case. In the Walker case the mules of the plaintiff were at large on the commons and had strayed upon the right of way and ran on to the track in front of a rapidly moving train. The engineer did all that was possible to prevent the mules from being run over, but was unable to check the train in time to prevent the injuries. In that case if the stock had stayed off the track no injuries would have resulted. In the instant case, if the horses had gone on the track they would have been injured, and on the other hand in staying off the track and attempting to get away they were injured. There was no escape for them. In the Walker case, it is shown that the mules were enclosed in an adjacent field or pasture belonging to the plaintiff, and it is not shown that a gap in the fence connecting the right of way with the field was negligently cut by the railroad. Nor does it appear that the right of way was fenced on the end as well as on the sides, as in the instant case. If the horses of the appellees had contin-

ued to run down the right of way in front of and along side the train they would have encountered the barb. wire fence which connected the trestle with the right of way. If they had turned to the left, they would have encountered the engine. They turned to the right and encountered the fence and were injured.

The Beasley case is as far from this case as the Walker case. In the Beasley case the plaintiff had driven to town a large herd of cattle, which were enclosed in a sort of pen near the railroad right of way, and the owner of the pen had joined his fence to the right of way fence for his own convenience. This place was not intended for a cattle pen. In the nighttime the cattle pushed the fence down and strayed onto the railroad track and were injured without negligence on the part of the railroad employes in the operation of the train. The railroad company in that case had set no trap for the animals, and were shown to have been guilty of no negligent act which could in any sense be said to have contributed to the resultant injury.

The true rule we submit is laid down in the case of *Tyler* v. *Railroad Company,* 61 Miss. 445. In that case it was shown that at the point where the cow was killed the railroad track had been fenced by the appellee for some distance on both sides, and that some time prior to the killing, the appellee for its own purposes had opened a gap in the fence on one side of the track, through which gap the cow had strayed onto appellee's right of way and crossed over the track to the side on which there was no opening in the fence, and becoming alarmed by the approaching train was killed while attempting to recross the track in order to escape at the gap which she had entered. In that case no negligence in the operation of the train was shown. A peremptory instruction was given for the railroad company. In commenting on the case Chalmers, J., distinguished that case, which is analogous to the instant case, from the case of *Packwood*

v. *Railroad Company,* 59 Miss. 280, and held that the Packwood case was not applicable, that it could not be said that the railroad company had fully met the burden of the case by showing the proper operation of the train, and employs this language: "It would seem that the responsibility must be different when the railroad company itself has, by the construction and subsequent opening of its fence invited the animals into its enclosure and then killed it while attempting to escape. We prefer in all such cases that the jury be allowed to say whether there was or was not negligence in its dealing with the animal, and should they decide that it owed some other and further duty to an animal so confined to one which had a right of egress unobstructed by any act of the railroad company, we could not say as a matter of law that its decision was wrong.

"For the error in granting the instructions mentioned, we reverse the judgment and grant a new trial."

ANDERSON, J., delivered the opinion of the court.

Appellees, C. W. and W. T. Clogston, recovered judgment for one hundred dollars against the Illinois Central Railroad Company, the appellant, for injury to two of appellees' horses, alleged to have been caused by the negligence of appellant. From which judgment appellant appeals to this court. At the point where the horses were injured, appellant's railroad was fenced on both sides, and there was a gap in the fence on one side, left open by appellant's employes, through which the horses strayed onto the right of way, and were there injured by being frightened by the running of one of appellant's trains, and caused to run into the wire fence inclosing the right of way in attempting to make their escape, by which they were cut and maimed. The parties agreed on the following facts in the case: "It is agreed by and between counsel for plaintiff and defendant in the above cause that the stock, injured as complained of by defend-

ant in this case, were on the right of way of defendant, and ran into the fence on the right of way of the defendant; and it is further agreed that there was no negligence upon the part of defendant's servants in charge of said train and in handling same with reference to the said stock, nor was there any negligence of any kind on the part of said servants in charge of said train.''

It is contended that no liability is shown, and therefore the court should have granted the instruction requested, directing the jury to return a verdict for appellant. *L. C. R. R. Co.* v. *Walker,* 63 Miss. 13, is not distinguishable from this case, and is decisive of the question involved. In that case the court held that the second and third instructions given by the court below for the plaintiff were erroneous and should not have been granted, which instructions are as follows: ''(2) The court instructs the jury that if they believe from the evidence that the gap in the fence was left open with the knowledge of defendant or its employes, so that stock could stray into it and have no way of egress, these are matters of evidence they may consider in determining whether defendant was guilty of carelessness or negligence; and they may so consider them, even if they should believe further from the evidence that when the defendant killed plaintiff's mules every care and precaution on their part was used to prevent such killing.'' ''(3)  The jury are instructed that, where a railroad fences in its roadbed and leaves a gap open, they are required to exercise a greater degree of care than is ordinarily required of them, if stock should otherwise stray on the roadbed of the railroad''—and that those refused the defendant (except where there was repetition) should have been granted, among which were the fourth and seventh, as follows: ''(4) If the evidence in this case proves to you that at the time the stock was killed that the railroad was running and managing their train with ordinary care and reasonable prudence, and that the

stock came upon the right of way of the railroad through the gap or gateway negligently left open by the railroad, or by any one else, and that they suddenly came upon the track off the right of way in the nighttime so near the engine that it could not be stopped before striking the stock, they will find for defendant." "(7) The court instructs the jury that railroads are not required in this state to fence their tracks, and, having fenced them, they are not required to keep them up, and if they believe that the train which killed plaintiff's stock was run and managed with reasonable care and ordinary prudence, then they will find for the defendant."

In this case liability is sought to be predicated alone upon the fact that appellant had its roadway fenced, and negligently left an opening therein, resulting in the injury; for by the agreed facts it is expressly stipulated that there was no negligence on the part of the employes in handling the train which frightened and caused the horses to run into the fence. The fact that in the Walker case the stock were injured by contact with the moving train does not, as contended, distinguish it in principle from this case. The point settled in that case is (which we approve) that, a railroad being under no duty to fence its track, if it does so, and fails to keep it in repair, resulting in injury to stock straying upon its right of way, there is no liability for such failure alone.

*Reversed and remanded.*